## TANNER v. THE STATE.

1. One who takes possession of the door-step of a church and by curses and threats prevents a congregation of persons there lawfully assembled for the purpose of conducting divine service from entering—the congregation then dispersing without conducting the service for which they have met—is guilty of a violation of the Penal Code, § 418; and a request by counsel for the defendant that the court instruct the jury that there could be no violation of the statute unless the persons assembled, having failed to enter, conducted the service on the outside of the church before dispersing, was properly refused.
2. It follows that a charge which in substance complied with the requirements of the principle announced in the preceding note was not erroneous.
3. The evidence authorized the verdict, and there was no error in refusing a new trial.

Submitted May 21,—Decided July 27, 1906.

Accusation of disturbing divine service. Before Judge Harwell. City court of LaGrange. April 10, 1906.

*Gaffney & Jones* and *D. B. Whitaker,* for plaintiff in error.

*Henry Reeves, solicitor,* contra.

BECK, J. Vinie Tanner was convicted of disturbing divine service. The State's evidence disclosed that she went to a certain church some time before the congregation arrived, and sat upon the door-step. There she remained and refused to allow any one to enter, saying: "I am the truth, the way, and the light, and no one can enter here except through me." And by force and violence she kept the people out who had assembled for the purpose of divine worship, cursing them and threatening to take the life of any one who should enter. After conviction she made a motion for a new trial upon the general grounds, and because of the court's refusal to charge the jury as requested; also assigning error upon a portion of the charge as given. The motion was overruled, and she excepted.

1. The Penal Code, § 418, provides that "Any person who shall, by cursing or using profane or obscene language, or by being intoxicated, or otherwise indecently acting, interrupt, or in any manner disturb, a congregation of persons lawfully assembled for divine service, and until they are dispersed from such place of worship, shall be guilty of a misdemeanor." In this case the evidence for the State shows that the congregation—some twenty in number—

had assembled at the church in question for the purpose of having divine service; and while they did not hold the service or even enter the church, their failure to do so·was the result of the indecent and improper conduct of the defendant; and although there was introduced by the accused the testimony of several witnesses to contradict the evidence against her, it is manifest that the request to charge as made by her counsel does not embody a correct principle of law, such request being in the following language: "If people start to church with the intention of assembling therein for the purpose of divine worship in the church, but fail to enter said church and no divine service is held therein, and depart without undertaking to hold divine service on the outside of such church, then there could be no violation of the statute under which the accusation is drawn in this case." If a number of persons lawfully assemble for divine worship, the mere fact that they fail to enter a church at which they may have congregated, and depart therefrom without undertaking to hold the service, will not divest of its criminal character the conduct of one who, by cursing, threatening, and other boisterous or indecent behavior, prevents the carrying out of the purpose for which such a congregation assembled. The protection of the law quoted above extends not only to the congregation while actually engaged in divine service, but it begins as soon as they have assembled at the place of holding it and until they have dispersed therefrom. *Minter* v. *State,* 104 *Ga.* 744.

2, 3. And for the foregoing reason, the following extract from the court's charge, attacked by the defendant as erroneous, states fairly the law of the case, and was properly given: "If you find from the evidence in this case that a congregation of persons had lawfully assembled at Springfield Baptist Church for divine service, though they had never entered the church, and, while so assembled and before dispersing therefrom, the defendant, by cursing, or by using profane or obscene language, or by otherwise indecently acting, that is by quarrelling and fussing and fighting, interrupted and disturbed said congregation so assembled, that this occurred in Troup county on or about the date alleged in the accusation, January 15th, 1906; if you believe beyond a reasonable doubt from all the evidence in the case that these facts are true, then the defendant would be guilty and you should so find." And the jury having so

.found, and their verdict being amply supported by the evidence, the judgment of the court below will stand

*Affirmed. All the Justices concur except Fish, C. J., absent.*